110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. BELL-BEY, Plaintiff-Appellant,
v.
WAYNE COUNTY PROBATE COURT, Defendant-Appellee.
 No. 96-1553.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from a judgment dismissing certain state law claims in a prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 William Bell-Bey, a Michigan inmate, filed a complaint in which he alleged that the Wayne County Probate Court violated his state and federal constitutional rights by refusing to process his attempt to change his name. Bell-Bey sought monetary damages and injunctive relief. The district court sua sponte entered an order dismissing the purely state law claims and Bell-Bey filed a document which this court construed as a notice of appeal. The district court dismissed the action in its entirety shortly thereafter. On appeal, the parties have briefed the issues; Bell-Bey is proceeding without benefit of counsel.
 
 
 3
 Bell-Bey alleges in his complaint that his request to the Wayne County Probate Court for a formal name change was refused. Bell-Bey contended that this action (or, more properly, the refusal to act) was a violation of his federal constitutional rights as well as rights conferred upon him by the Michigan State Constitution and asked the court to assume supplemental jurisdiction over the state law claims.
 
 
 4
 The district court sua sponte declined to assume supplemental jurisdiction as requested and summarily dismissed the state law claims found in the complaint without prejudice. Bell-Bey immediately filed a document with the Sixth Circuit in which he asked this court to vacate the district court's order. The document, construed as a notice of appeal pursuant to Fed.R.App.P. 4(a)(1), makes no mention of any other portion of the district court's actions.
 
 
 5
 Bell-Bey cites to a Ninth Circuit opinion in making the same assertion he made in the district court, to wit, that the district court was without authority to decline to accept jurisdiction over his state law claims. The brief contains no reference to the merits of the district court's subsequent action in dismissing the remainder of the complaint.
 
 
 6
 It is initially noted that the merits of Bell-Bey's appeal from the dismissal of the state law claims only are before the court. See Gillis v. United States Dep't of Health & Human Servs., 759 F.2d 565, 569 (6th Cir.1985). This court reviews a district court's decision to accept or decline supplemental jurisdiction for an abuse of discretion. Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir.1996). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989). In the case at bar, there is no indication that the district court committed a mistake in declining to exercise supplemental jurisdiction in the total absence of a viable federal claim. The reasons offered by the district court, the avoidance of unnecessary procedural and substantive difficulties, are not patently irrational or unwarranted. In the absence of any justification for disturbing the district court's decision, this appeal lacks merit.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.